UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JANE MARIE ALLISON,<br><br>               Plaintiff,<br><br>   v.<br><br>OFFICE OF PERSONNEL MANAGEMENT, et al.,<br><br>               Defendants. | CASE NO. C17-5434 BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendants Office of Personnel Management ("OPM") and S. Ragland's ("Defendants") motion for summary judgment (Dkt. 24). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I.   PROCEDURAL AND FACTUAL BACKGROUND**

Prior to October 24, 2014, Plaintiff Jane Marie Allison ("Allison") was a hazardous waste disposer for the Navy. On that date, the Navy revoked Allison's security clearance preventing her from performing the essential functions of her job. The Navy paid its portion of Allison's Federal Employee Health Benefits ("FEHB") costs for

one year thereafter, until October 24, 2015.  Allison failed to pay her portion of the costs from November 2014 and the entire premiums from November 1, 2015 until her separation date of April 11, 2016.  OPM sent Allison a letter informing her that the Navy terminated her enrollment and she had not been covered by a FEBH plan since November 1, 2015.  OPM also allowed Allison the opportunity to reinstate her FEHB enrollment effective November 1, 2014 or January 1, 2016 if she paid the premiums back to that date.  Although Allison completed a form to reinstate her health benefits from January 2016, she failed to make the payments.

Allison subsequently applied for retirement and for enrollment in the FEHB as a retiree.  On January 17, 2017, OPM denied her request for continued coverage in the FEHB because there had been a break in her coverage from October 25, 2015 until her removal date of April 11, 2016.  In other words, she had not been continuously enrolled in a health insurance plan under the FEHB for five years immediately prior to her retirement.

On February 25, 2017, Allison filed a request for reconsideration of OPM's initial decision.  On May 23, 2017, OPM issued a decision affirming its initial decision and informed Allison of the right to appeal the decision in federal district court.

On June 6, 2017, Allison filed her complaint.  Dkt. 1.  On March 1, 2018, Defendants filed a motion for summary judgment.  Dkt. 24.  On March 20, 2018, Allison responded.  Dkt. 26.  On March 29, 2018, Defendants replied.  Dkt. 27.

## II. DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically

attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

B. **Defendants' Motion**

Defendants argue that they are entitled to judgment as a matter of law and that Allison has failed to submit any evidence that creates a material question of fact. The Court agrees. Under Administrative Procedures Act ("APA"), a court may review and set aside an agency's final action only if the action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Under the Federal Employees Health Benefits Act ("FEHBA"), an employee may continue his or her health insurance in retirement if statutory prerequisites are met. 5 U.S.C. § 8905(b). The relevant requirement here is that the employee has been enrolled in a health benefits plan for "the 5 years of service immediately before retirement." 5 U.S.C. § 8905(b)(1)(A).

In this case, Allison failed to comply with the requirements of the FEHBA and OPM's decision to deny her application for benefits was not arbitrary, capricious, or contrary to law. The only possible question of fact is based on Allison's assertion that she was making her health care payments. Dkt. 26 at 1. Allison also asserts that an OPM agent asked for her bank records to prove her payments, but, when Allison contacted her

bank, it informed her that they could not retrieve the records because they were too far back. *Id*. No reasonable juror would believe that a bank would fail to keep records dating back two years. Moreover, Allison fails to submit any evidence from the bank confirming the bank's record retention policies. Based on these failures, the Court is left with a self-serving statement from Allison that could have been, but was not supported with easily obtainable evidence establishing either payment or failure to retain records.[1] The Court concludes that Allison's self-serving statement is insufficient evidence to overcome OPM's motion for summary judgment. Accordingly, the Court concludes that OPM's decision did not violate either the FEHBA or the APA and judgment in Defendants' favor is warranted.

## III.  ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion for summary judgment (Dkt. 24) is **GRANTED**. The Clerk shall enter a **JUDGMENT** and close the case.

Dated this 30th day of April, 2018.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge

---

[1] Even if Allison subsequently obtains records showing payments, she should provide them to OPM and ask for reconsideration of its decision.